IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ANDRE CARTER,**

    **Petitioner,**

**v.**                                               **Civil Action No 5:18cv27**
                                                                  **(Judge Stamp)**

**DEWAYNE HENDRIX,**

    **Respondent.**

## REPORT AND RECOMMENDATION

### I.    Procedural Background

On February 6, 2018, the pro se Petitioner, Andre Carter, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. On February 22, 2018, the Petitioner paid the $5 filing fee.  ECF No. 18. On February 28, 2018, following a preliminary review, which determined that summary dismissal was not appropriate, the Respondent was ordered to show cause why the Petition should not be granted. ECF No. 9. On April 13, 2018, the Respondent filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, together with a supporting memorandum of law and exhibits. ECF No. 19. On April 16, 2018, a Roseboro notice was issued .ECF No. 20. The Petitioner filed a reply on June 6, 2018. ECF No. 26.

### II.    Factual History

On July 7, 2009, the Petitioner was released from BOP custody via good conduct time following a 30 month term of imprisonment imposed in the United States District Court for the District Of Maryland for his conviction of Possession of a Firearm by a Convicted Felon. The Petitioner then commenced a two-year term of supervised

1

release. ECF No. 19-2 at pp. 1-2. On June 16, 2011, while still serving his term of supervised release, the Petitioner was arrested by DEA agents for the offense of Knowingly, Intelligently and Unlawfully Conspiring to Distribute and to Possess with Intent to Distribute Five Kilograms or more of a Mixture or Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. § 856. On that same day a Criminal Complaint was filed in the United States District Court for the District of Maryland. ECF No. 19-3 at p. 12.  On July 21, 2011, a warrant was issued for the Petitioner's arrest for violating the terms of the supervised release as imposed in Criminal Action Number 1:04 CR 0094. The arrest warrant was executed on July 22, 2011. ECF No. 19-3 at p. 26.

On July 12, 2012, the Petitioner was sentenced in the United States District Court for the District of Maryland, to a 120 month term of imprisonment in Criminal Action Number 1:11-CR-00355-002. The judgment specified, "Sentence is to run concurrently with a six (6) month sentence imposed in WDQ-01-04-CR-00094-001 for a total term of One Hundred Twenty (120) months, with credit for time served since 06/17/11." ECF No. 19-3 at pp. 28-29.

The BOP prepared a sentence computation for criminal action numbers 1:11-CR-00355-002 and 1:04-CR-00094-001 based on the 120 month aggregate term of imprisonment ordered by the court. The sentence commenced on July 12, 2012, the date of imposition of both judgments. The Petitioner received 394 days of qualified presentence credit to include time served since June 17, 2011, and is projected to earn 470 days Good Conduct Time resulting in a GCT release date of February 28, 2020. ECF No. 19-3 at p. 5.

### III.     The Pleadings

The Petitioner brings the instant petition challenging the Federal Bureau of Prisons' ("BOP") computation of his federal sentence. Specifically, he alleges that the BOP unlawfully aggregated two sentences despite the fact that one of the sentences has been satisfied prior to his entering the BOP custody. Although not specifically noted on his petition, the attached brief indicates that the Petitioner enrolled in and completed the Residential Drug Addiction Program but has been denied eligibility for early release because his "current offense" involves a gun conviction. The Petitioner appears to be arguing that his sentence for that offense was satisfied on December 16, 2011, prior to the BOP obtaining custody over him. For relief, the Petitioner seeks an order directing the BOP to correct its sentence computation to reflect that his six month sentence for violation of supervised release was satisfied on or about December 16, 2011, and he no longer had an aggregated sentence as of that date. ECF No.1.

In his answer, the Respondent argues that the petition fails because the BOP has properly calculated the Petitioner's sentence. More specifically, the Respondent argues that the Petitioner is incorrect in his assertion that the BOP has improperly calculated and administered his sentence. The Respondent maintains that the district court made its intentions clear by specifically stating in its judgment in Criminal Action Number 1:11CR355 that the Petitioner was "to be imprisoned for a total term of one hundred twenty (120) months" and that such sentence was "to run concurrently with a Six (6) month sentence imposed in WDK 2-01-04-CR-00094-001 for a total term of One Hundred Twenty (120) months, with credit for time served from 06/17/11." Accordingly, the Respondent maintains that there is no question as the court's intent as to how the

3

sentence was to be administered.

In his reply, the Petitioner argues that the BOP has exceeded its statutory authority by interpreting 18 U.S.C. §§ 3584, 3585 and 3621(c)(2)(B) in a manner inconsistent with the plain language of the statute and contrary to settled law. The Petitioner specifically argues that his case does not involve consecutive sentences for two separate convictions, but rather consecutive periods of imprisonment resulting from a single conviction and an additional period of imprisonment as a result of a violation of conditions of release from a prior conviction. ECF No. 26 at pp. 1-2. Referencing 18 U.S.C. § 3583(b)(2), the Petitioner notes that defendants shall be given credit for time served in official detention as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed. The Petitioner then cites Lominac v. United States, 144 F.3d 208 (4th Cir. 1997) for the proposition that when applying the time spent in official detention, imprisonment for violation of supervised release is credited first when aggregated administratively with a period of imprisonment for a new conviction.[1] The Petitioner continues his argument by asserting that the Attorney General, through the BOP, is required to credit the first six months served for the violation of supervised release against the 120 month sentence imposed for the conviction under 1:11CR00355-WDQ, with the remaining time spent in

---

[1] The Petitioner has misinterpreted the holding in Lomnac, which has since been abrogated by Johnson v. U.S., 529 U.S. 694 (2000). In Lominac, the sentencing court revoked the defendant's supervised release and sentenced him to a six-month term of imprisonment to be followed by a new thirty-month term of supervised release. After finding an *ex post facto* violation, the Fourth Circuit remanded the case for resentencing and ruled that any prison time that Lominac received under a resentence must be reduced by the time he had already served for violating his release, that is, his six months in prison and the time he had served under the new unconstitutional term of supervised release. Nothing in the Lominac decision supports the Petitioner's allegation that his imprisonment for violation of supervised release must be credited first when aggregated administratively with a period of imprisonment for a new conviction.

4

official detention credited under 18 U.S.C. § 3585(b)(1). Finally, the Petitioner cites to Bailey v. Haynes, 2007 WL 3046292 (N.D.W. Va. Oct. 17, 2007), for the proposition that a conviction under 922(g) is not a crime of violence.[2] In concluding his reply, the Petitioner asks this Court to direct the BOP to amend its findings to reflect that he is eligible for the sentence reduction under 18 U.S.C. § 3621.

### IV.     Legal Standard

**A. Motion to Dismiss**

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure require "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v.

---

[2]The BOP initially told Bailey he did not qualify for early release because of a firearms conviction which was aggregated with his drug conviction. When Bailey pointed out that the firearms sentence and the drug sentence were to run consecutively, and that he had already served sufficient time to account for the earlier firearms conviction, the BOP granted his grievance, told him that he did qualify for early release, and told him that his records had been corrected to reflect that fact. The BOP later reversed course without explanation and denied him consideration for early release. This Court held that "equity dictate[d]" that the BOP should be required to follow the directive they themselves had issued telling Bailey he was eligible under RDAP. In the instant case, the Petitioner makes no allegation that he was ever told by any BOP official that he was eligible for early release. Therefore, the Bailey decision is inapposite to his situation.

Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 279, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that "a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

**B.   Motion for Summary Judgment**

The Supreme Court has recognized the appropriateness of summary judgment

motions pursuant to Rule 56 of the Federal Rules of Civil Procedure in habeas cases. See Blackledge v. Allison, 431 U.S. 63, 80 (1977); see also Maynard v. Dixon, 943 F.2d 407 (4th Cir. 1991). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991).

Motions for summary judgment impose a difficult standard on the moving party because it must be obvious that no rational trier of fact could find for the nonmoving party. Miller v. FDIC, 906 F.2d 972, 974 (4th Cir. 1990). However, the "mere existence of a scintilla of evidence" favoring the nonmoving party will not prevent the entry of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). Any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Anderson, 477 U.S. at 248-49.

### V.     Analysis

The undersigned recognizes that the Respondent has not addressed the specific arguments made by the Petitioner: (1) that his sentence for violation of supervised release expired before he entered the custody of the BOP; and (2) that his 922(g) conviction does not preclude his eligibility for early release after successful completion of RDAP. However, a supplemental response is not necessary as well established law requires dismissal of this petition.

A petition seeking habeas relief under 28 U.S.C. § 2241 is appropriate if the petitioner is challenging the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 490 (1973). The writ may issue if the petitioner demonstrates he is in custody in violation of the Federal Constitution, laws, or treaties. See 28 U.S.C. § 2241 (c)(3).

Here, the subject matter of the petition is a request which falls squarely within the purview of § 2241 because the Petitioner is not attacking his underlying conviction, but only the length of his sentence as calculated by the BOP. More specifically, the fact that the BOP will not consider granting him early release.

However, an analysis of the applicable statutes, regulations and program statements demonstrates that the BOP did not act unlawfully. Congress provided in 18 U.S.C. § 3584(c) as follows:

> **Treatment of multiple sentences as an aggregate.**—Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

Moreover, the BOP has mandated that § 3584(c) requires it to aggregate sentences imposed for revocation of supervised release with sentences imposed for conviction on an indictment. See Program Statement 5880.28 at Ch. I, 3.e(2) (p. 74). Once aggregated, both sentences are the defendant's **current** sentence. Id.; 18 U.S.C. § 3584(c). (emphasis added).

In the instant case, the Petitioner was sentenced on the same date, July 12, 2012, by the same judge, William Quarles, for both the violation of his supervised release and the new drug offense. ECF No. 19-3, pp. 28-36. In addition, both judgments contain a provision that they would run concurrently to one another.  Although the

Petitioner was arrested on June 16, 2011, by DEA agents and remained in custody through his sentencing on July 12, 2012, his aggregate sentence did not commence until it was imposed. Therefore, the Petitioner's argument that he had already served his sentence for violation of supervised release is unavailing.  Likewise, the Petitioner's argument that his 922(g) conviction should not preclude him from early release consideration is also unavailing.

Pursuant to the Crime Control Act of 1990, Congress required the BOP to "make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse." 18 U.S.C. § 3621(b).  To effectuate this mandate, the BOP is required to ensure that all "eligible prisoners" "with a substance abuse problem have the opportunity to participate in appropriate substance abuse treatment . . . [and the BOP shall] provide residential substance abuse treatment." 18 U.S.C. 3621(e)(1). As an incentive for successful completion of the RDAP, prisoners with nonviolent offenses may receive a reduced sentence up to one year upon completion of the program as follows:

**(2) Incentive for prisoner's successful completion of treatment program.—**

**(A) Generally.** -- Any prisoner who, in the judgment of the Director of the Bureau of Prisons, has successfully completed a program of residential substance abuse treatment provided under paragraph (1) of this subsection, shall remain in the custody of the Bureau under such conditions as the Bureau deems appropriate. If the conditions of confinement are different from those the prisoner would have experienced absent the successful completion of the treatment, the Bureau shall periodically test the prisoner for substance abuse and discontinue such condition on determining that substance abuse has reoccurred.

**(B) Period of custody.**-- The period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve.

18 U.S.C. § 3621 (e)(2)(B). Section 3621, however, does not set forth the criteria for eligibility for early release. Rather, the statute vests the BOP with discretionary authority to determine when an inmate sentence may be reduced. Thus, the BOP in its discretionary authority established criteria for determining eligibility for early release. Title 28 C.F.R. § 550.55 provides in part that inmates who have a "current felony conviction" for an offense that "involves the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release consideration. 28 C.F.R. § 550.55 (5)(ii) and (iii). The BOP explains this eligibility criteria in Program Statement 5162.05 stating that inmates whose current offense is a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosive" shall be precluded from receiving certain Bureau program benefits. Accordingly, 28 C.F.R. 550.55 precludes an inmate convicted of being a felon in possession of a firearm from receiving early release consideration pursuant to 18 U.S.C. § 3621 (e)(2)(B).

It is well recognized that when a defendant is returned to prison after violating his supervised release, it is the original sentence that is executed. Johnson v. United States, 529 U.S. 694, 700 (2000) ("postrevocation sanctions [are] part of the penalty for the initial offense.'"); United States v. Thomas, 224 Fed. Appx. 867, 877 (11th Cir. 2007) (citations omitted) ("[R]evocation of probation is part of a defendant's original sentence because 'revocation of probation constitutes a modification of the terms of the original sentence and implicates solely the punishment initially imposed for the conduct underlying that sentence',"); United States v. Evans, 159 F.3d 908, 913 (4th Cir. 1998)

("Because the conduct underlying the revocation of [defendant's] supervised released formed the basis of [his] incarceration, it follows that his incarceration for violating the terms of his supervised release was by reason of his [original] incarceration."); United States v. Brown, 59 F.3d 102, 104-05 (9th Cir. 1995) ("Revocation of parole or probation is regarded as reinstatement of the sentence for the underlying crime, not as punishment for the conduct leading to the revocation."); United States v. Pascow, 11 F.3d 873, 881 – 83 (9th Cir. 1993) ("[I]t is the original sentence that is executed when the defendant is returned to prison after a violation of the terms of both parole and supervised release."); Stewart v. Sanders , 2000 WL 587057, *3 (C.D. Ca. Oct. 12, 20122) ("Because re-imprisonment upon revocation of supervised release is simply a restatement of the sentence for the underlying crime, the original conviction from which a term of supervised release arises is a 'current' conviction for purposes of RDAP early-release eligibility.").

Therefore, in summary, the Petitioner is serving an aggregate sentence of 120 months, which includes a sentence for violation of supervised release, and hence, the Petitioner's "current" offense includes his conviction for being a felon in possession of a firearm. Accordingly, under the BOP's policy, he is categorically precluded from eligibility for early release upon successful completion of RDAP.

## VI. Recommendation

For the foregoing reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss or for Summary Judgment [**ECF No.** 19] be **GRANTED** and the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [**ECF No.** 1] be **DENIED** and **DISMISSED WITH PREJUDICE**.

Any party may, within fourteen (14) days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made and the basis for such objection. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested. Furthermore, upon entry of this Report and Recommendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

DATED:  November 1, 2018.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE