IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANDRE CARTER,

    Petitioner,

v.                                  Civil Action No. 5:18CV27
                                             (STAMP)

DEWAYNE HENDRIX, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE
AND OVERRULING PETITIONER'S OBJECTIONS**

I.  Procedural History

The pro se[1] petitioner, Andre Carter ("Carter"), a federal inmate designated to FCI Morgantown, filed a petition for habeas corpus under 28 U.S.C. § 2241. ECF No. 1. The action was referred to United States Magistrate Judge James P. Mazzone for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. The magistrate judge filed a report and recommendation recommending that respondent's motion to dismiss or for summary judgment be granted and that the petition be denied and this matter be dismissed with prejudice. ECF No. 28. The magistrate judge informed the parties that if they objected to any portion of the report and recommendation, they were required to file written objections within 14 days after being served with

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

copies of the report. The petitioner filed objections. ECF No. 30.

## II. Background

Petitioner alleges that the Federal Bureau of Prisons (the "BOP") improperly calculated his federal sentence. The petitioner alleges that the BOP unlawfully aggregated two sentences despite the fact that one of the sentences has been satisfied prior to his entering BOP custody. The record reflects that petitioner enrolled in and completed the Residential Drug Addiction Program ("RDAP"), but has been denied eligibility for early release because his "current offense" involves a gun conviction. For relief, the petitioner seeks an order from this Court directing the BOP to correct its sentence computation to reflect that his six-month sentence for violation of supervised release was satisfied on or about December 16, 2011, and he no longer had an aggregated sentence as of that date. ECF No. 1.

Respondent, DeWayne Hendrix, Warden of the Federal Correctional Institution in Morgantown, West Virginia ("FCI Morgantown"), following an order to show cause issued by the magistrate judge (ECF No. 9), filed a motion to dismiss, or in the alternative, motion for summary judgment. ECF No. 19. In response, respondent argues that the petition fails because the BOP has properly calculated petitioner's sentence. ECF No. 19-1. More specifically, respondent contends that in the case at hand, the

district court made its intentions clear by specifically stating the following in entering judgment in Criminal Action No. 1:11CR355. That is, petitioner Carter was "to be imprisoned for a total term of One Hundred Twenty (120) months" and that such sentence was "to run concurrently with a Six (6) month sentence imposed in WDQ-01-04-CR-00094-001 for a total term of One Hundred Twenty (120) months, with credit for time served since 06/07/11." Likewise, on the same day, the court entered judgment in WDQ-01-04-00094-001, i.e., the supervised release revocation case, stating petitioner shall be "imprisoned for a total term of Six (6) months" and the "[s]entence is to run concurrently with a One-Hundred Twenty (120) month sentence imposed in WDQ-1-11-CR-00355-002 for a total term of One Hundred Twenty (120) months, with credit for time served from 06/17/11." Respondent states that there is no question as to the court's intent as to how the sentence was to be administered, and based upon the above information, the BOP prepared a sentence computation for Case No. WDQ-1-11-CR-00355-002 and Case No. WDQ-01-04-CR-00094-001 based on the 120-month aggregate term of imprisonment specifically ordered by the court. The sentence administered by the BOP commenced on July 12, 2012, the date of imposition, in accordance with 18 U.S.C. § 3585(a), and respondent contends that the BOP properly awarded 394 days of prior custody credit to include petitioner's time served from June 17, 2011, until the beginning of his sentence on

July 12, 2012, as ordered by the court.  Respondent represents that petitioner has a current projected release date of February 28, 2020, via Good Conduct Time release.  Respondent argues that it is clear from the above that the BOP has calculated petitioner's sentence in accordance with the law, and the stated intent of the sentencing court.

Petitioner, following an order and Roseboro notice issued by the magistrate judge (ECF No. 20), filed a reply brief in opposition to respondent's motion.  ECF No. 26.  In his reply, the petitioner argues that the BOP has exceeded its statutory authority by interpreting 18 U.S.C. §§ 3584, 3585 and 3621(c)(2)(B) in a manner inconsistent with the plain language of the statute and contrary to settled law.  The petitioner specifically argues that his case does not involve consecutive sentences for two separate convictions, but rather consecutive periods of imprisonment resulting from a single conviction and an additional period of imprisonment as a result of a violation of conditions of release from a prior conviction.  ECF No. 26 at 1-2.  Referencing 18 U.S.C. § 3583(b)(2), the petitioner notes that defendants shall be given credit for time served in official detention as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed.  The petitioner then cites Lominac v. United States, 144 F.3d 208 (4th Cir. 1997), for the proposition that when applying the time spent

4

in official detention, imprisonment for violation of supervised release is credited first when aggregated administratively with a period of imprisonment for a new conviction.  The petitioner continues his argument by asserting that the Attorney General, through the BOP, is required to credit the first six months served for the violation of supervised release against the 120-month sentence imposed for the conviction under 1:11CR00355-WDQ, with the remaining time spent in official detention credited under 18 U.S.C. § 3585(b)(1).  Finally, the petitioner cites Bailey v. Haynes, 2007 WL 3046292 (N.D. W. Va. Oct. 17, 2007), for the proposition that a conviction under § 922(g) is not a crime of violence.  In concluding his reply, the petitioner asks this Court to direct the BOP to amend its findings to reflect that he is eligible for the sentence reduction under 18 U.S.C. § 3621.  ECF No. 26.

United States James P. Mazzone entered a report and recommendation.  ECF No. 28.  The magistrate judge found that well established law requires dismissal of petitioner's petition.  ECF No. 28 at 7.  Specifically, the magistrate judge found that although the subject matter of the petition is a request which falls squarely within the purview of § 2241 because the petitioner is not attacking his underlying conviction, but the length of his sentence as calculated by the BOP in arguing that the BOP will not consider granting him early release, an analysis of the applicable statutes, regulations and program statements demonstrates that the

BOP did not act unlawfully. ECF No. 28 at 8. The magistrate judge found petitioner's argument that he had already served his sentence for violation of supervised release and argument that his § 922(g) conviction should not preclude him from early release to be unavailing in that petitioner was sentenced on the same date, July 12, 2012, by the same judge, William Quarles, for both the violation of his supervised release and the new drug offense. ECF No. 19-3 at 28-36. In addition, the magistrate judge noted that both judgments contain a provision that they would run concurrently to one another. Although the petitioner was arrested on June 16, 2011, by United States Drug Enforcement Administration agents and remained in custody through his sentencing on July 12, 2012, his aggregate sentence did not commence until it was imposed. Further, the magistrate judge concluded that the petitioner is serving an aggregate sentence of 120 months, which includes a sentence for violation of supervised release, and hence, the petitioner's "current" offense includes his conviction for being a felon in possession of a firearm. Accordingly, under the BOP's policy, petitioner is categorically precluded from eligibility for early release upon successful completion of RDAP. For the foregoing reasons, the magistrate judge recommends that the respondent's motion to dismiss or for summary judgment (ECF No. 19) be granted and the petition for habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) be denied and dismissed with prejudice.

The magistrate judge stated that any party may, within 14 days after being served with a copy of this Report and Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made and the basis for such objection. A copy of such objections should also be submitted to the United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The petitioner filed timely objections. ECF No. 30. In his objections, the petitioner argues that "[t]he Petitioner's eligibility for early release via Regional Drug Addiction Program, the basis for his original 28 U.S.C. [§] 2241 pleadings should have been analyzed under 28 CFR [§] 550.58 as opposed to revised 28 CFR [§] 550.55 on January 14, 2009, long after Petitioner committed the offense for a felon in possession of a firearm, aggregated with Petitioner's 2011 conviction for a violation of 21 U.S.C. [§§] 846, 841." ECF No. 30 at 4. Petitioner further contends that "[u]nder 28 CFR [§] 550.58, combined with the holdings of Bailey v. Hanes, 2007 WL 2046892 (N.D.W.Va. 2007), execution of sentence by the Bureau of Prisons would have mandated Petitioner's eligibility and

7

acceptance in the Regional Drug Addiction Program." Id. Petitioner argues that "[t]he conviction for a felon in the possession of a firearm does not reach the definition of a violent offense under recent decisions by the United States Supreme Court as well as the Fourth Circuit and would not have stopped the Petitioner being granted early release under the Residential Drug Addiction Program had the Magistrate Judge considered Petitioner's charges were based on criminal activity not impacted by 28 CFR [§] 550.55 different and [] more specific language eliminating early release eligibility." Id. at 4. In conclusion, petitioner objects to the magistrate judge's recommendation that this Court grant summary judgment and deny and dismiss the petition with prejudice.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be affirmed and adopted in its entirety.

### III. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo as to those findings to which the petitioner objected. As to those findings to which objections were not filed, all findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28

U.S.C. § 636(b)(1)(A). Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

IV. Discussion

On de novo review, this Court finds that the subject matter of the petition is a request which falls squarely within the purview of § 2241 because the petitioner is not attacking his underlying conviction, but only the length of his sentence as calculated by the BOP. However, this Court finds that well established law requires dismissal of petitioner's § 2241 petition.

As the magistrate judge correctly noted, the BOP has mandated that 18 U.S.C. § 3584(c), "[t]reatment of multiple sentences as an aggregate," requires it to aggregate sentences imposed for revocation of supervised release with sentences imposed for conviction on an indictment. See Program Statement 5880.28 at Ch. I, 3.e(2) (p. 74). Once aggregated, both sentences are the defendant's current sentence. Id.; 18 U.S.C. § 3584(c). Here, as the magistrate judge properly determined, petitioner was sentenced on the same date, July 12, 2012, by the same judge, Judge William Quarles, for both the violation of his supervised release and the new drug offense. ECF No. 19-3, pp. 28-36. In addition, both judgments contain a provision that they would run concurrently to one another. ECF No. 28 at 8-9.

Title 28, Code of Federal Regulations, Section 550.55 provides in part that inmates who have a "current felony conviction" for an offense that "involves the carrying, possession, or use of a firearm or other dangerous weapon or explosives" or "by its nature or conduct, presents a serious potential risk of physical force against the person or property of another" are ineligible for early release consideration. 28 C.F.R. § 550.55(5)(ii) and (iii). The magistrate judge properly determined that the BOP explains this eligibility criteria in Program Statement 5162.05, stating that inmates whose current offense is a felony that "involved the carrying, possession, or use of a firearm or other dangerous weapon or explosive" shall be precluded from receiving certain Bureau program benefits. Accordingly, as the magistrate judge found, 28 C.F.R. § 550.55 precludes an inmate convicted of being a felon in possession of a firearm from receiving early release consideration pursuant to 18 U.S.C. § 3621(e)(2)(B).

On <u>de novo</u> review, this Court finds that under the BOP's policy, petitioner is categorically precluded from eligibility for early release upon successful completion of RDAP because petitioner is serving an aggregate sentence of 120 months, which includes a sentence for violation of supervised release, and hence, the petitioner's "current" offense includes his conviction for being a felon in possession of a firearm. Therefore, this Court finds that

the magistrate judge correctly determined that the petition must be denied and dismissed with prejudice.

In his objections to the magistrate judge's report and recommendation, petitioner raises an argument that "[t]he Petitioner's eligibility for early release via Regional Drug Addiction Program, the basis for his original 28 U.S.C. [§] 2241 pleadings should have been analyzed under 28 CFR [§] 550.58 as opposed to revised 28 CFR [§] 550.55 on January 14, 2009, long after Petitioner committed the offense for a felon in possession of a firearm, aggregated with Petitioner's 2011 conviction for a violation of 21 U.S.C. [§§] 846, 841." ECF No. 30 at 4.

Upon de novo review, this Court finds that petitioner failed to raise this argument at any point prior to his objections. This argument, asserted for the first time by the petitioner, is not mentioned in the petitioner's petition, is not the subject of any briefing by the parties, is not addressed by the respondent in this action, and is not addressed by the magistrate judge's report and recommendation.

Thus, this Court finds that it is appropriate to uphold the magistrate judge's recommendation, overrule the petitioner's objections to the report and recommendation and dismiss the petition with prejudice. This Court further grants petitioner leave to re-file his petition in order to assert the specific argument asserted for the first time in petitioner's objections

11

dealing with the "prior version" of "28 CFR [§] 550.58 as opposed to revised 28 CFR [§] 550.55."  ECF No. 30.

## V. Conclusion

For the reasons discussed above, the report and recommendation of the magistrate judge (ECF No. 28) is hereby AFFIRMED and ADOPTED in its entirety.  Accordingly, respondent's motion to dismiss or in the alternative for summary judgement (ECF No. 19) is GRANTED, petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and DISMISSED WITH PREJUDICE, and the petitioner's objections (ECF No. 30) are OVERRULED.  If he so chooses, petitioner is granted leave to re-file his petition only to assert the specific argument on the limited issue discussed above.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of this order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail.  Pursuant to Federal Rule of Civil

Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: January 8, 2019

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE